_____

No. 96-2788
_____

Corning Products, Inc.,                 *
                                        *
        Plaintiff - Appellant,          *
                                        *  Appeal from the United States
    v.                                  *  District Court for the
                                        *  Eastern District of Missouri
Eton Systems, Inc.,                     *
                                        *       [UNPUBLISHED]
        Defendant - Appellee,           *
                                        *
Michael Gray,                           *
                                        *
        Defendant.                      *
                           _____

                Submitted:  February 14, 1997

                  Filed: March 11, 1997
                           _____

Before BOWMAN and WOLLMAN, Circuit Judges, and KOPF,[1] District
     Judge.
                           _____

KOPF, District Judge.


     Corning Products, Inc. (Corning) brought this action against
Eton Systems, Inc. (Eton) and its employee Michael Gray (Gray).
Corning claimed the defendants made a video tape of a product that
Eton had sold to Corning and then showed the video tape to another
corporation, Hickory Springs, thus violating alleged written and
oral agreements.  Corning claimed it had "lost business" it
expected to obtain from Hickory Springs because of the improper
disclosure.

---

[1]The Honorable Richard G. Kopf, United States District Judge
for the District of Nebraska, sitting by designation.

Applying Missouri law, the district court[2] found the undisputed material facts established that Corning could not make out a prima facie case regarding its claims of promissory estoppel (Count II), fraud by affirmative misrepresentation (Count III), fraud by promise without a present intent to perform (Count IV), tortious interference with a business expectancy (Count V), and negligent misrepresentation (Count VI). There were two reasons for this ruling.

With regard to Count V, the court found the undisputed material facts would not allow a reasonable jury to conclude that Corning had a valid business expectancy with Hickory Springs. In so doing, the court struck a Corning affidavit because of various irregularities, including the absence of an original signature. The court later assumed the affidavit had not been stricken, and concluded the document failed to set forth any facts "detailing an alleged business deal between plaintiff and Hickory Springs." With regard to Counts II, III, IV, and VI, after considering the stricken affidavit, the court found the undisputed material facts would not allow a reasonable jury to find that Corning suffered the particular damages (lost profits) it sought. Consequently, the district court granted summary judgment in favor of Eton and Gray as to Counts II through VI.

Rather than proceed to trial on the surviving breach-of-contract claim (Count I), with respect to which Corning would have been limited to nominal damages, the company dismissed the claim. Corning then appealed the grant of summary judgment in favor of Eton regarding Counts II through VI.

---

[2]The Honorable Stephen N. Limbaugh, Senior United States District Judge for the Eastern District of Missouri.

Corning asserts the district court erred in two ways. First, although the issue was not presented to the district court in

either the company's amended complaint or its brief opposing the motion for summary judgment, Corning argues the court erred when it failed to consider a misappropriation-of-trade-secrets theory of recovery. Second, while admitting the irregularities, Corning argues the district court erred when it struck the affidavit because the court did not give Corning an opportunity to correct the problems.

Having reviewed the parties' briefs and submissions, we conclude that the district court's findings of fact are not clearly erroneous and that no error of law appears. Accordingly, we affirm. See 8th Cir. R. 47B.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.